WILLIAM W. MITCHELL and SIMON LEE, plaintiffs in error, *vs.* JOHN D. MCELVIN, defendant in error.

1. A colored child, born before the 9th day of March, 1866, within what was regarded as a state of wedlock between its parents, while slaves, and who is acknowledged by its father, is the legitimate child of both parents. If the parents separated before that date and the child remained with the mother, she is entitled to the control of it during minority. But if she voluntarily yield the control to the father, and he takes the child away with him, she cannot afterwards resume the control without the assent of the father, no reason being shown why the father should not retain the custody of the child.

2. If, under such circumstances, the mother is induced to sign articles apprenticing the child to a third person, under representations made to her by that person, that if she did not do so, he would send the child off to another State, out of her reach, the articles are void as against the rights of the father, and any master to whom he may have apprenticed the child; and on a writ of *habeas corpus* sued out at the instance of the person holding the articles from the mother against the father and the master to whom he had apprenticed the child, the child should have been remanded to the custody of the respondents; especially where the mother testifies that she does not desire to withdraw the child from the custody of the father, and that she was induced to sign the articles by the representations made to her.

*Habeas corpus.* Parent and child. Master and servant. Apprentice. Before Judge SCHLEY. Chatham county. At Chambers, August 1st, 1871.

This case arose upon a writ of *habeas corpus*, on the petition of John D. McElvin, alleging that Simon Bisset, an in-

Mitchell & Lee *vs.* McElvin.

fant, was his apprentice, and was illegally detained from him by William W. Mitchell and Simon Lee. Respondents moved to dismiss said writ, because it required them to respond in the county of Chatham, they being residents of the county of Bullock, and the alleged detention being in said county. The motion was overruled by the Court, and respondents excepted. Relator tendered in evidence a deed of apprenticeship of Simon Bisset, made by his mother, Sophia Bisset, to relator, on May 31st, 1871, to show relator's right to the custody of Simon, without proof that the duplicate articles had been filed in the office of the Ordinary. Respondents objected to the introduction of said instrument, the objections were overruled, and respondents excepted.

It appeared from the evidence that Simon Bisset was born in Bullock county, about fourteen years before the trial; that his mother, Sophia Bisset, and his father, Simon Lee, the respondent, were the slaves of different masters, but lived together as husband and wife, after the manner of slaves, for many years, and during this period the boy Simon was born; that just before the close of the war, Simon, the respondent, having become involved in a difficulty, had to run away, and when he returned his wife refused to live with him. When the Federal army passed through Bullock county, Sophia Bisset and her children moved to Bryan county; that about three years before the trial, Simon Lee, the respondent, went to Bryan county to see his former wife, and offered to help her take care of the children, saying that he had married another woman; that Sophia Bisset consented that he should take the two boys, one of whom was Simon Lee; that relator came to Sophia Bisset several times to persuade her to apprentice the boy to him; that finally relator told her that if she did not sign the papers apprenticing the boy to him, he would run the boy off to Florida; that he was badly treated by respondent, Simon Lee, and that he would not live with any one but relator. That under these circumstances she signed the deed of apprenticeship; that she always told relator that

the boy was under his father's control; that she had given him up to his father; that she did not want to sign the deed, and is now willing that the boy should remain under the control of his father.

The custody of the child was awarded to relator, and respondent excepted and assigns error upon each of the grounds aforesaid.

RUFUS E. LESTER, represented by P. W. MELDRIM, for plaintiffs in error.

HARTRIDGE & CHISHOLM, for defendant.

MONTGOMERY, Judge.

This case is controlled by the Act of March 9th, 1866, (Acts of 1865 and 1866, p. 240,) by the Act of December 12th, 1866, (Acts of 1866, p. 156–7,) and by Revised Code, section 1669. So long as the child remained with the mother, after her separation from his father, her husband, and after they were free, she was entitled to control it. Having voluntarily surrendered the custody of the child to its legitimate father, her right to control it ceased, no reason being shown why the father should be deprived of the custody of the child. The Court therefore renders the following judgment:

1. A colored child, born before the 9th day of March, 1866, within what was regarded as a state of wedlock between its parents, while slaves, and who is acknowledged by its father, is the legitimate child of both parents. If the parents separated before that date, and the child remained with the mother, she is entitled to the control of it during minority. But if she voluntarily yield the control to the father, and he takes the child away with him, she cannot afterwards resume the control without the assent of the father, no reason being shown why the father should not retain the custody of the child.

2. If, under such circumstances, the mother is induced to sign articles apprenticing the child to a third person, under

representations made to her by that person, that if she did not do so, he would send the child off to another State out of her reach, the articles are void as against the rights of the father, and any master to whom he may have apprenticed the child; and on a writ of *habeas corpus* sued out at the instance of the person holding the articles from the mother against the father and the master to whom he had apprenticed the child, the child should have been remanded to the custody of the respondents; especially where the mother testifies that she does not desire to withdraw the child from the custody of the father, and that she was induced to sign the articles by the representations made to her.

Judgment reversed.